# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

**TIMOTHY HERNDON,**

        **Plaintiff,**

v.                                  Case 2:12-cv-02087-JDT-cgc

**LINDA BLACK and SHERRY
or JUDY McGEE,**

        **Defendants.**

## REPORT AND RECOMMENDATIONS ON PLAINTIFF'S MOTION TO WITHDRAW COMPLAINT, DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Before the Court are Defendants Linda Black and Judy McGee's Motion for Summary Judgment (Docket Entry "D.E" #42) and Plaintiff's Motion to Withdraw Complaint (D.E. #45). The instant motions are referred to the United States Magistrate Judge. (D.E. #31).

Plaintiff's Motion to Withdraw Complaint states that he "moves to withdraw, with prejudice, his February 6, 2012 Complaint as amended in its entirety." At the outset, it is necessary to consider what pleadings Plaintiff presumably intends to "withdraw," as the pleadings in the instant case are unorthodox. Plaintiff filed his initial Complaint (D.E. #1) on February 6, 2012. Plaintiff filed a Motion for Leave to Amend Plaintiff's Statement of Claims in the Original Complaint (D.E. #5), which included an "Amended Statement of Claims 1-6" ("Amended Complaint") that altered and amended his original Complaint rather than entirely replacing it. The District Court granted Plaintiff's request on September 19, 2012 (D.E. #6), but Plaintiff never filed his Amended Complaint. Even so, the Court has considered Plaintiff's Amended Complaint as it has been made

1

part of the record. On February 5, 2013, Plaintiff filed a Motion to Amend the Plaintiff's Complaint seeking to specify additional damages against Defendants Black and McGee. This request also sought to delete and replace certain language rather than entirely substituting this pleading for the previously filed Complaint and Amended Complaint. The District Court granted this motion on March 4, 2013. Thus, Plaintiff has filed three pleadings that together constitute the operative pleadings in this case. However, as Plaintiff has specified that he seeks to withdraw "his February 6, 2012 Complaint as amended in its entirety," it is recommended that his request be construed as one to "withdraw" all of his operative pleadings.

Turning to Plaintiff's request to "withdraw" his Complaint and all amendments thereto, although Plaintiff does not cite the basis for his request, it appears that Plaintiff seeks to voluntarily dismiss his case with prejudice. Rule 41(a)(2)[1] of the Federal Rules of Civil Procedure provides that an action may be dismissed at the plaintiff's request by court order "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). A dismissal under Rule 41(a)(2) is without prejudice "[u]nless the order states otherwise."

Upon review, Plaintiff has specified that he wishes to "withdraw" his Complaint and he requests that such a withdrawal be "with prejudice." The term "with prejudice" is one that refers

---

[1] Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure allows a plaintiff to voluntarily dismiss his case without a court order only if a notice of dismissal is filed before the opposing party serves either an answer or a motion for summary judgment or a stipulation is filed by all parties who have appeared. Defendants Black and McGee filed an Answer and a Motion for Summary Judgment on August 19, 2013, which was before Plaintiff filed the instant motion. The parties have not filed a stipulation of dismissal signed by all parties who have appeared, although it does not appear that any parties contest the dismissal. Thus, it is recommended that Plaintiff's motion must be considered under Rule 41(a)(2), which governs requests for voluntary dismissal "[e]xcept as provided in Rule 41(a)(1)." Fed. R. Civ. P. 41(a)(2).

2

to the nature of the dismissal of a case, which lends further support to the Court's construction of Plaintiff's request to "withdraw" his complaints and the amendments thereto as one seeking voluntary dismissal. Defendants have not opposed Plaintiff's request so long as any dismissal be "with prejudice" as Plaintiff requests.

Accordingly, as all parties appear to be in agreement as to the relief sought and the Court finds the terms to be proper, it is recommended that Plaintiff's Motion to Withdraw Complaint be construed as a Motion to Voluntarily Dismiss and that Plaintiff's request to voluntarily dismiss his case with prejudice be GRANTED. It is further recommended that, based upon Plaintiff's Motion to Withdraw Complaint, that Defendants' Motion for Summary Judgment be DISMISSED AS MOOT.

**DATED** this 11th day of September, 2013.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**